Circuit Court, District of Columbia. Oct. Term, 1823.

CONTRACTS—FAILURE TO COMPLETE—RIGHT TO RECOVER FOR WORK DONE.

If a man contract to do certain work at a certain price, and quits it before it is finished, he cannot recover, upon a quantum meruit, the value of his labor.

The plaintiff [Samuel Lewis] agreed to do certain work for the defendant [Robert Esther] for the sum of $125. He began, but abandoned it before it was finished, and now sued for quantum meruit, and offered to prove the value of his work.

Mr. Jones, for defendant, objected that there was an express, specific agreement at a certain price, and therefore the plaintiff could not recover upon an implied assumpsit.

Mr. Ashton, contra, contended that, by usage, money is due as the work progresses, otherwise a poor mechanic cannot go on.

But THE COURT (nem. con.) rejected the evidence, and instructed the jury that the plaintiff is not entitled to recover in this action.

## Case No. 8,323.

### LEWIS v. FIRE INS. CO.

[2 Cranch, C. C. 500.] [1]

Circuit Court, District of Columbia. Nov. Term, 1824.

VENUE IN CIVIL CASE—CHANGE — DISCRETION OF COURT—AFFIDAVIT.

The court has a discretion, upon a motion to change the venue, and will not, in general, change it, unless the suggestion be accompanied by an affidavit stating the grounds of belief, that an impartial trial cannot be had in the county in which the suit is instituted.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Before the court had made the rule (of 1821) respecting applications for a change of venue, Mr. Jones, for plaintiff [Edward S. Lewis] had, as he stated, moved the court to change the venue in this cause, upon an affidavit stating no reasons for the plaintiff's belief that he would not have a fair trial in this county. The affidavit was handed to the court without being filed, and remained in the drawer of the chief judge. The court did not decide upon the motion, at the term at which it was made; and at the subsequent term, the affidavit not being found among the clerk's papers, it was supposed to be lost. Afer the court had made the rule (of 1821) requiring a statement of the reasons for the belief, &c., the affidavit was found and filed, and several terms elapsed without renewal of the motion.

Upon the motion now being renewed, CRANCH, Chief Judge, said that heretofore, and before the rule was made, it had been a prevailing opinion that the court had no discretion, but it was bound to change the venue, if the party would make oath that he believed he could not have a fair trial in the county. But a majority of the judges had decided that the court had a discretion; and that if the court had a discretion to change the venue or not, he could not consent to change it in any case upon a naked affidavit of the belief of the party, without stating the reasons of that belief.

MORSELL, Circuit Judge, was still of the opinion that the court had no discretion, and that the venue should be changed.

THRUSTON, Circuit Judge, being absent, the motion to remove the cause did not prevail.

NOTE. The words of the act of congress of the 24th of June, 1812, par. 8 (2 Stat. 755), entitled "An act to amend the laws within the District of Columbia," are, "That in any civil suit or action at law, or any criminal or penal prosecution by information or indictment now depending, or hereafter to be commenced, the court, upon a suggestion in writing by any of the parties thereto, supported by oath or affirmation, that a fair and impartial trial cannot be had in the county where such suit or action is depending, may order the same suit or action to be removed into the court holden in the other county in the said district; and the same shall be prosecuted and tried according to law, and the judgment carried into full effect." The rule of court, referred to, requires that the affidavit of the party should state the grounds of his belief, and be corroborated by the affidavits of others. [2]

[2] NOTE. "May term, 1821. "Rule as to the Removal of Causes under the Act of Congress. 1. The application shall be made, and affidavit filed on or before the first day of the trial court, or four days before the day assigned for the trial of the cause. 2. The affidavit of the party applying for the removal shall state the reasons of the belief of the party, that he cannot have a fair trial in the county wherein the suit is de-

LEWIS (GAYTES v.). See Case No. 5,288.

LEWIS (GIBSON v.). See Case No. 5,398.

pending; and must be corroborated by the affidavit of some other person. 3. The other party shall be permitted to file a counter affidavit or affidavits stating any facts which may be proper for the consideration of the court, in the exercise of its discretion. 4. If the application for the removal of a cause be not made before the trial court, the party praying for the removal must pay the costs of that term, if the cause shall be removed."